UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEONA M. QUALEY,<br><br>        Plaintiff,<br><br>    v.<br><br>PIERCE COUNTY; EDWARD TROYER;<br><br>THOMAS DOLAN,<br><br>        Defendant. | Case No. 3:23-cv-05679-TMC<br><br>ORDER GRANTING MOTION TO CONTINUE |

## I.    ORDER

On January 24, 2025, Plaintiff Leona M. Qualey moved to continue trial. Dkt. 65. The case arises out of the death of Moses Portillo, Qualey's adopted son. Portillo was shot and killed by Defendant Pierce County Deputy Thomas Dolan. Qualey filed the suit on July 27, 2023 against Defendants Pierce County, Sheriff Edward Troyer, and Deputy Thomas Dolan. Dkt. 1 at 2–3. The complaint raises claims under 42 U.S.C. § 1983 for violation of Portillo's Fourth Amendment rights. *Id.* at 6–8.

The Court scheduled trial to begin on March 10, 2025. Dkt. 23. Plaintiff has moved to continue trial until March 2026. Dkt. 65. Plaintiff's motion explains that, before Portillo's death, he had a relationship with Kenya Roach. *Id.* at 2. Roach had a child, and, because Portillo "was

under the impression that [the child] was his biological daughter," he signed her birth certificate. *Id.* at 2–3. Before he passed, Portillo obtained a DNA test and learned he was not the child's father. *Id.* at 3. A subsequent paternity action filed in Oklahoma was dismissed without prejudice. *Id.* When counsel for Qualey began their work on this case, an Estate had been created for Portillo, and Qualey was identified as the beneficiary. *Id.* Because Qualey knew of the DNA test, she believed that Portillo had no surviving children. *Id.*

But, on December 16, 2024, Roach filed a document with the Court asserting that the child was in fact the beneficiary of Portillo's estate. Dkt. 62. Plaintiff's counsel subsequently contacted outside counsel to initiate a paternity action. Dkt. 65 at 3. The paternity action began shortly after in Pierce County Superior Court. *Id.* The case is pending. *Id.* at 4.

Plaintiff moved to continue the trial date in this case while the paternity action is pending. *Id.* Though Plaintiff "believes Ms. Qualey is the rightful beneficiary" of the estate, "in the interests of justice, Plaintiff wishes to give [the child] the opportunity to determine whether she is a beneficiary of Moses Portillo's Estate and a plaintiff in this lawsuit." *Id.* at 5. Defendants responded on January 31, 2025, opposing the motion. Dkt. 71. Plaintiff replied on February 6, 2025. Dkt. 76. The Court has reviewed the briefing and the motion is ripe for the Court's consideration.

"The court issues scheduling orders setting trial and related dates to provide a reasonable schedule for the resolution of disputes." *Ewalan v. Schreiber*, No. C20-5678JLR, 2024 WL 1283294, at *3 (W.D. Wash. Mar. 26, 2024). Under Federal Rule of Civil Procedure 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent." The "good cause" inquiry focuses on the diligence of the party seeking to modify the pretrial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation."

ORDER GRANTING MOTION TO CONTINUE - 2

*Scarlett v. Doe*, No. C19-1418JLR, 2020 WL 13517858, at *1 (W.D. Wash. July 20, 2020) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). "In part, the 'good cause' standard requires the parties to demonstrate that 'noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the parties'] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference.'" *Id.* (quoting *Jackson*, 186 F.R.D. at 608).

The Court finds that good cause exists here. As Plaintiff attests in her motion, shortly after Roach filed documents in this case on December 16, 2024, asserting that her daughter was Portillo's beneficiary, Plaintiff retained outside counsel to determine the paternity issue in state court. Dkt. 65 at 3–4. And, soon after, Plaintiff moved to continue here. *Id.* Plaintiff previously believed the paternity issue had been decided, and "[u]p until the time of this motion, Plaintiffs were operating under the belief that all discovery was complete for the applicable claims to Mr. Portillo's estate and his beneficiaries individual claims." Dkt. 76 at 1–2. Plaintiff explains that—were the paternity case decided in Roach's favor and her child deemed a beneficiary of Portillo's estate—the child potentially could bring additional claims and intervene in this case. *Id.* at 2. Plaintiff has been diligent in pursuing this matter and has otherwise complied with all of this Court's deadlines.

In opposition, Defendants maintains that whether the child "is a beneficiary of Portillo's estate has no bearing on the outcome of this lawsuit." Dkt. 71 at 5. Defendant also notes that, "assuming arguendo that [the child] could timely move to intervene, her motion would still fail because there are no more claims in this lawsuit for [the child] to make." *Id.* The Court disagrees. As a possible beneficiary of the estate, the child may have the right to intervene under Federal Rule of Civil Procedure 24(a)(2) ("On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action,

and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."). Whether the child has any remaining claims could only be determined after her intervention in the lawsuit.

While the Court understands the difficulties that continuing the trial may cause for Defendants, the Court believes the good cause standard has been met and the interests of justice require the Court delay the trial. That said, the Court does not believe that the trial must be delayed for an entire year. Rather, the Court will continue the trial for five months. The Court expects Plaintiff's counsel to work diligently to resolve the paternity action and to update this Court on the status of the case.

For these reasons, the Court GRANTS the motion to continue. However, the Court will not continue the trial for an entire year. Rather, the Court ORDERS the following:

1. The trial date is reset for August 11, 2025—five months from the original trial date;

2. The parties shall provide a joint status report no later than June 15, 2025 as to the status of the paternity claim and each party's position as to whether there is good cause for a further continuance;

3. The Court will issue a new case scheduling order, based on a trial date of August 11, 2025, beginning with the deadline for the pretrial order; and

4. The Court will require that motion in limine briefing be completed on the current briefing schedule.

It is so ORDERED.

Dated this 7th day of February, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING MOTION TO CONTINUE - 4