UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEONA M. QUALEY,<br><br>        Plaintiff,<br><br>   v.<br><br>PIERCE COUNTY; EDWARD TROYER;<br><br>THOMAS DOLAN,<br><br>        Defendants. | Case No. 3:23-cv-05679-TMC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

Before the Court is Plaintiff's motion for reconsideration (Dkt. 80) of the Court's order granting in part Defendants' motion for summary judgment (Dkt. 67). Plaintiff asks the Court to revisit two pieces of its order. First, Plaintiff asks the Court to reconsider the dismissal of her *Monell* claim against Pierce County and Sheriff Troyer. Dkt. 80 at 2. Plaintiff asks the Court to revisit its dismissal given Plaintiff's claim that these Defendants failed to train and comply with state law requiring trainings on de-escalation. *Id.* at 3. She argues that the testimony of Sergeant Bregel shows that the County did not have such a policy in place. *Id.* Thus, Plaintiff claims that she raised genuine issues of material fact which preclude dismissal. *Id.* at 2–4.

Second, Plaintiff asks the Court to "clarify that Leona Qualey's claims of destruction of her parent/child relationship with the Plaintiffs' decedent Moses Portillo remains in this case

ORDER DENYING MOTION FOR RECONSIDERATION - 1

under either Plaintiffs' remaining §1983 claim against the defendant Dolan or alternatively, under any State law claim for wrongful death." *Id.* at 4. Plaintiff explains that the issues of fact the Court found on the issue of qualified immunity would "be equally applicable" to the State law claim for wrongful death. *Id.* at 5.

Under this District's Local Civil Rules, "[m]otions for reconsideration are disfavored," and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). "A motion for reconsideration is not intended to provide litigants with a second bite at the apple." *Stevens v. Pierce Cnty.*, No. C22-5862 BHS, 2023 WL 6807204, at *2 (W.D. Wash. Oct. 16, 2023).

Plaintiffs' motion does not meet this standard. Both of Plaintiff's arguments could have been brought to the Court's attention earlier. The first, the Court's dismissal of Pierce County and Sheriff Troyer for failing to implement state mandated de-escalation policies, could have easily been raised or more clearly briefed in Plaintiff's response to the motion for summary judgment. In Defendants' motion for summary judgment, they raise this very issue. Dkt. 40 at 20–22. And Plaintiff responded. Dkt. 54 at 14–15 ("Pierce County witnesses have admitted that Pierce County does not have a policy for training police deputies on de-escalation tactics as required by Washington State statute."). But Plaintiff never developed her failure to train argument further.

ORDER DENYING MOTION FOR RECONSIDERATION - 2

Even had Plaintiff done so, her argument would not have changed the Court's decision. "Establishing municipal liability based on a *Monell* theory of liability is difficult." *Bell v. Williams*, 108 F.4th 809, 824 (9th Cir. 2024); *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021) ("A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train.") (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). A plaintiff must show "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Bell*, 108 F.4th at 824 (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). "The lack of a formal policy is not necessarily unconstitutional[.]" *Kirkpatrick v. Cnty. of Washoe*, 843 F.3d 784, 796 (9th Cir. 2016). "Nor does a single unconstitutional incident, without more, establish that a municipality failed to provide proper training." *Id.* (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 821–24 (1985)). Thus, failure to train "may constitute a basis for *Monell* liability [only] where the failure amounts to deliberate indifference to the rights of those who deal with municipal employees." *Benavidez*, 993 F.3d at 1153 (citing *City of Canton*, 489 U.S. at 388–89). "Mere negligence will not suffice[.]" *Id.* (citing *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011)).

The plaintiff thus "must demonstrate a 'conscious' or 'deliberate' choice on the part of a municipality in order to prevail on a failure to train claim." *Price v. Sery*, 513 F.3d 962, 973 (9th Cir. 2008) (citation omitted). "Under this standard, [the plaintiff] must allege facts to show that the [municipality] 'disregarded the known or obvious consequence that a particular omission in their training program would cause [municipal] employees to violate citizens' constitutional rights.'" *Flores v. Cnty. of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014) (quoting *Connick*, 563 U.S. at 61).

Plaintiff has not done so here. Though there is a question of material fact as to whether the Defendants did train Officer Dolan on de-escalation techniques, Plaintiff has otherwise failed

to raise a question of fact as to any of the requirements above. *See* Dkt. 80 at 4 (discussing factual discrepancies); Dkt. 54 at 14–15 (stating both that Officer Dolan received de-escalation training and that the County failed to provide such training); Dkt. 40 at 22 (explaining that the use of force analysis claims that Dolan did not follow policies). Plaintiff's response to the motion for summary judgment does "not provide any specifics about knowledge any policymaker had regarding any deficiencies" in Pierce County's officer training program "or about how any policymaker consciously or deliberately disregarded a potential risk by allowing a deficiency in its training to continue." *Hauser v. Smith, et al.*, No. CV20-08138-PCT-JAT (JFM), 2021 WL 2262551, at *8 (D. Ariz. June 3, 2021). Simply alleging that Defendants failed to comply with a state statute requiring the enactment of de-escalation policies is insufficient. *See, e.g.*, *Hyde v. City of Willcox*, 23 F.4th 863, 874–75 (9th Cir. 2022) ("While deliberate indifference can be inferred from a single incident when the unconstitutional consequences of failing to train are patently obvious, an inadequate training policy itself cannot be inferred from a single incident.") (cleaned up); *Branch v. Cnty. of San Diego*, No. 15-cv-2336 AJB KSC, 2018 WL 1942260, at *3 (S.D. Cal. Apr. 24, 2018) ("[T]he Court cannot extrapolate an alleged failure to train one employee, involving a single incident, into a systemic problem resulting from a policy or custom of inadequate . . . training."); *Martin for C.M. v. Hermiston Sch. Dist. 8R*, 499 F. Supp. 3d 813, 850–51 (D. Or. 2020) ("Plaintiffs can establish deliberate indifference on a failure to train theory only if the [Defendant] knew that its training was constitutionally inadequate and continued to use the same training method despite the known or obvious risk that constitutional violations that would result from the inadequate training. . . . Even if Plaintiffs could show that the employees' training was inadequate, Plaintiffs have produced no evidence that the [Defendant] policymakers knew or should have known about a pattern of constitutional violations caused by the inadequate training and chose to continue the same course.") (cleaned up).

Plaintiff's second argument in her motion for reconsideration could have also been raised at initial briefing. Plaintiff asks the Court to explain the "scope of Plaintiff's remaining damage claims including the destruction of [] Qualey's parent/child relationship." Dkt. 80 at 2. She claims that the case "does not present a situation where Plaintiffs did not rebut defendant's motion for summary judgment." *Id.* at 5. Plaintiff acknowledges that, "[w]hile a court may not grant the defendant's motion on the basis that it is unopposed, the court may grant the motion if the moving party's submissions are sufficient to support the motion and do not reveal a genuine issue of material fact." *Id.* (citations omitted). The latter analysis applies here: Plaintiff has not met her burden at summary judgment to proceed with her negligence claim.

Under Washington law, "governmental entities 'shall be liable for damages arising out of their tortious conduct . . . to the same extent as if they were a private person or corporation.'" *Norg v. City of Seattle*, 200 Wn.2d 749, 756, 522 P.3d 580 (Wash. 2023) (quoting RCW 4.96.010(1)). Thus, Plaintiffs may bring negligence claims against police officers that "arise out of [an officer's] direct interaction with [the plaintiff], not the breach of a generalized public duty." *See Beltran-Serrano*, 193 Wn.2d 537, 551, 442 P.3d 608 (2019). On the other hand, "[i]f the duty that the government allegedly breached was owed to the public at large, then the public duty doctrine applies," in which case "the negligence claim must be dismissed for lack of an actionable duty unless there is an applicable exception." *Norg*, 200 Wn.2d at 758. "Thus, to determine whether the public duty doctrine bars the [plaintiffs'] claim, . . . [the Court] must identify the duty that the [Defendants] allegedly breached and determine whether that duty is based on a generally applicable statute or an individually applicable common law duty." *Id.* at 759. This is a question of law for which the plaintiff bringing the negligence claim bears the burden. *See id.*; *Beltran-Serrano*, 193 Wn.2d at 549 ("To establish a duty in tort against a

governmental entity, *a plaintiff must show* that the duty breached was owed to an individual and was not merely a general obligation owed to the public." (emphasis added)).

Plaintiff concedes that she "did not dedicate a specified section in their briefing to address negligence claims and the specific wrongful death claims alleged against defendants[.]" Dkt. 80 at 6. Nevertheless, Plaintiff urges the Court to consider arguments and facts offered in opposition to summary judgment on the Section 1983 claims to sustain her state law claims. *Id.* But because the burden is on Plaintiff to identify the duty owed by Defendants and show how it was breached, this is insufficient. Plaintiff could have raised these arguments in her opposition briefing, but she did not do so.

Alternatively, Plaintiff urges the Court to clarify whether she may still bring her claim for destruction of the parent/child relationship in her individual capacity both under the state law claims and Section 1983 claims. *Id.* at 7. Plaintiff's state law claims have been dismissed. Thus, there is no basis for such a claim.

A plaintiff can bring a claim for deprivation of the parent child relationship under the Due Process Clause of the Fourteenth Amendment. *See e.g.*, *Kelson v. City of Springfield*, 767 F.2d 651, 653–54 (9th Cir. 1985). Plaintiff has made no such argument here. *See generally* Dkt. 54; Dkt 1. Again, this is an argument she could have raised earlier. And it is a legal argument she would bear the burden of proving.

Plaintiff's motion to reconsider fails to meet the requirements of LCR 7(h). For these reasons, the motion is DENIED.

Dated this 26th day of February, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 6