UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEONA M. QUALEY,

    Plaintiff,

v.

THOMAS DOLAN,

    Defendant.

Case No. 3:23-cv-05679-TMC

ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT

## I. ORDER

This civil rights action arising from the death of Moses Portillo is set for trial on August 11, 2025. Before the Court is Plaintiff's Motion for Leave to Amend Complaint under Federal Rule of Civil Procedure 15(a). Dkt. 88. Because there is not good cause to amend, the Motion for Leave to Amend is DENIED.

**A.  Background**

Plaintiff is Leona M. Qualey, as personal representative of the estate of her son and decedent, Moses Portillo. She filed this case in July 2023. Dkt. 1. In December 2024, Kendra Roach—who previously had a relationship with Mr. Portillo—filed several documents with the Court claiming that her 5-year-old daughter, E.P., is the biological daughter of Mr. Portillo. Dkt. 88 at 2; Dkt. 62; Dkt. 63. In response, Plaintiff filed a paternity action in state court to

resolve the paternity claim. Dkt. 88 at 2. Plaintiff moved this Court for a continuance while the state paternity action was pending. Dkt. 65; Dkt. 67. The paternity issue has since been resolved, having determined that E.P. is Mr. Portillo's daughter. Dkt. 88 at 2. Thus, Plaintiff argues, "E.P. is a first-tier beneficiary of Mr. Portillo's estate and the complaint needs to be amended to include that claim." *Id.*

**B.     Legal Standard**

Under Federal Rule of Civil Procedure Rule 15, a party may amend its pleading "with the opposing party's written consent or the court's leave." Courts should "freely give leave [to amend a complaint] when justice so requires." *Shiromi v. City of Berkeley*, No. 20-16396, 2022 WL 10966220, at *1 (9th Cir. Oct. 19, 2022) (quoting Fed. R. Civ. P. 15(a)(2)). "But once the district court has issued a scheduling order setting a deadline for amendments to the complaint, the plaintiff must show 'good cause' for modifying the scheduling order." *Id.* (first citing Fed. R. Civ. P. 16(b)(4); and then citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992)).

Good cause "considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. The court must consider "whether the proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic." *Mai Ngoc Bui v. Ton Phi Nguyen*, 712 F. App'x 606, 610 (9th Cir. 2017) (citation omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609 (citation omitted). If the party "was not diligent, the inquiry should end." *Id.*

The Court issued its scheduling order on November 16, 2023. Dkt. 13. As Defendant points out, Plaintiff "initiated this action almost two years ago on July 27, 2023." Dkt. 91 at 2.

ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT - 2

The Court's deadline to join parties ended February 14, 2024, and the deadline for amending pleadings under the new case schedule ended February 26, 2024. Dkt. 13. Accordingly, Plaintiff must show good cause to amend. *See, e.g.*, *Johnson*, 975 F.2d at 609.

C.  **Plaintiff has not shown good cause to add a Fourteenth Amendment substantive due process claim on behalf of herself or E.P.**

Plaintiff argues that good cause exists. *See generally* Dkt 88. First, she claims there will be no prejudice to Defendant, as the complaint has not been amended before and the proposed amendment would add only one claim—for destruction of the parent-child relationship under the Fourteenth Amendment. *Id.* at 4. Because a similar claim was brought, and dismissed, by Plaintiff, she maintains that all necessary discovery for the claim has been completed. *Id.* at 5. Plaintiff further claims there is no bad faith. *Id.* And she argues that the amendment is not futile because E.P. could bring such a claim as a beneficiary to Mr. Portillo's estate. *Id.* She also argues that amendment will not cause undue delay or prejudice to Defendant. *Id.* at 6.

In response, Defendant argues that Plaintiff cannot show good cause. Dkt. 91 at 4. Defendant explains that the "parties were aware of the facts Plaintiff seeks to add since the very inception of the case." *Id.* Defendant continues, "[t]he fact that E.P. chose to intervene into Portillo's estate was a *legal possibility, rather than a factual discovery*, that Plaintiff, . . . either knew of, or should have known of and considered when filing the complaint." *Id.* at 5 (emphasis in original). Defendant argues that "[f]ailure to consider this factor clearly and unambiguously demonstrates a lack of diligence on the part of Plaintiff." *Id.* Defendant notes that certain facts—like Portillo's signature on the birth certificate—have long been known to Plaintiff. *Id.* at 6. To the extent that Plaintiff seeks to add a claim for loss of companionship on behalf of herself as well, Defendant maintains that the failure to do so earlier was "simply careless" and does not warrant amendment at this late stage. *Id.* at 7.

ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT - 3

The Court agrees. First, Plaintiff could have brought her own Fourteenth Amendment claim for deprivation of the parent-child relationship at the commencement of this lawsuit. *See* Dkt. 87 at 6 ("A plaintiff can bring a claim for deprivation of the parent child relationship under the Due Process Clause of the Fourteenth Amendment. . . . Plaintiff has made no such argument here. . . . Again, this is an argument she could have raised earlier.") (internal citations omitted). There is no good cause to explain Plaintiff's delay in bringing this claim on her own behalf.

Second, E.P.'s Fourteenth Amendment claim cannot be brought by Plaintiff as part of the estate. "Substantive due process protects individuals from arbitrary deprivation of their liberty by government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006) (citation omitted). "Parents and children may assert Fourteenth Amendment substantive due process claims if they are deprived of their liberty interest in the companionship and society of their child or parent through official conduct." *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013) (citing cases); *see also Curnow By & Through Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991) ("[A] child's interest in her relationship with a parent is sufficiently weighty by itself to constitute a cognizable liberty interest[.]") (citation omitted). The Ninth Circuit has explained that "to establish a constitutional violation based on substantive due process, [a plaintiff] must show both a deprivation of her liberty and conscience-shocking behavior by the government." *Brittain*, 451 F.3d at 991. Because the claim seeks to vindicate an individual liberty interest, E.P.'s claim for deprivation of the parent-child relationship can be brought only by the child as an individual. *See Smith v. City of Fontana*, 818 F.2d 1411, 1417–20 (9th Cir. 1987), *overruled on other grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999) (allowing estate to bring substantive due process claim on behalf of decedent and children to bring substantive due process claim for deprivation of parent-child relationship); *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1050 (9th Cir. 2018) (allowing child to bring deprivation

claim on his own behalf and additional claims on behalf of the estate); *Kelson v. City of Springfield*, 767 F.2d 651, 654 n.2 (9th Cir. 1985) ("[T]he complaint alleges only a deprivation of a liberty right—the right to associate with one's child. The [plaintiffs] do not sue in their representative capacity on behalf of [their son's] estate, nor do they argue that their familial relationship affords them the right to sue on his behalf. Instead, they assert a violation of *their parental rights* and seek damages to compensate them for loss of their son's companionship and for their own mental distress. Therefore, the survivability of a civil rights action is not at issue in the instant case.") (emphasis in original) (citation omitted).

But under the draft amended complaint, counsel does not seek to add E.P. as an individual party. *See* Dkt. 89-1 at 3. Rather, the child is only mentioned under the added Fourteenth Amendment claims. *Id.* at 8–9. In her motion for leave to amend, Plaintiff points only to E.P.'s status as a beneficiary of the estate. Dkt. 88 at 2.

Further, Plaintiff's counsel have not demonstrated to the Court that they represent E.P. *See generally id.*; *see also* Dkt. 88. And, as a minor, E.P. could only be a party through either a guardian or guardian ad litem. *See* Fed. R. Civ. P. 17(c)(2) ("The following representatives may sue or defend on behalf of a minor . . . a general guardian; a committee; a conservator; or a like fiduciary. . . . A minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem.") (cleaned up); *see also* RCW 4.08.050; *Supanich v. Rundle*, No. C10–5008RBL, 2010 WL 4286210, at * 3 (W.D. Wash. Oct. 26, 2010).

The Court notes, however, that denying leave to amend does not preclude E.P. from bringing her individual claims in a separate lawsuit through her own counsel. Though Defendant argues otherwise, *see* Dkt. 91 at 12, the statute of limitations is tolled on claims that belong to E.P. until the child turns eighteen. RCW 4.16.190; *see TwoRivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999) (in Section 1983 actions, "where the federal courts borrow the state statute of

ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT - 5

limitations, we also borrow the forum state's tolling rules"). This order does not, in any way, bar E.P. from pursuing her own individual claims.

**D.    Conclusion**

Thus, the motion for leave to amend, Dkt. 88, is DENIED. The parties should proceed in compliance with the Court's February 10, 2025 scheduling order. Dkt. 79.

Dated this 7th day of May, 2025.

Tiffany M. Cartwright
United States District Judge